UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-62638-BLOOM
MAGISTRATE JUDGE P.A. WHITE

JUNIOR SIMON,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

**REPORT OF MAGISTRATE JUDGE**

Plaintiff has filed a complaint, nominally pursuant to 42 U.S.C. § 1983. This case has been referred to the undersigned for consideration and report. DE#2. As discussed below, the court should construe plaintiff's complaint as a habeas corpus petition under 28 U.S.C. § 2241 and abstain from considering it pursuant to Younger v. Harris, 401 U.S. 37 (1971).

**I. BACKGROUND**

On September 4, 2018, plaintiff was arrested at a hotel in Pompano Beach, Florida. DE#1 at 1.[1] In case no. 18010854CF10A, Seventeenth Judicial Circuit of Florida, Broward County, the state charged plaintiff with: various drug offenses; dealing in stolen property; and trespass. DE#3-2.[2] Some of the charges were

---

[1] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

[2] The court takes judicial notice of this and other state court judicial records. See Fed. R. Evid. 201(b)-(c); McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir. 1994) (en banc) (federal habeas court may *sua sponte* consider state court records when the petitioner was a party to the proceedings and there is no indication that the state records are "inaccurate, incomplete, or misleading").

dismissed. Id. Plaintiff appears to allege that these charges were dismissed because the officers did not have a search warrant. See DE#1 at 1-2. However, certain drug charges and the trespass charge are still pending. DE#3-2.

Plaintiff alleges that the remaining charges should be dismissed because none of the drugs that the arresting officers discovered were in his physical, actual, or constructive possession. DE#1 at 2. Further, he alleges that the arresting officers tricked him into opening his hotel door to them. Id. He adds that the officers rushed into the room and conducted a search even though they lacked a search warrant or consent. Id.[3]

Based on these allegations, plaintiff asserts claims under the Fourth and Fourteenth Amendments. Id. at 1-2. He seeks dismissal of the charges in his state prosecution and suppression of the evidence obtained from the officers' allegedly illegal search. Id. at 1.

## II. DISCUSSION

Although plaintiff's complaint was docketed as a § 1983 complaint, it should be construed as a § 2241 habeas petition. See generally United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have . . . an obligation to look behind the label of a motion filed by a *pro se* [litigant] and determine whether the motion is, in effect, cognizable under a different remedial . . . framework."). This is because, "[i]n instances in which an inmate brings a federal civil rights

---

[3] Plaintiff has filed a motion to dismiss the remaining charges in his state prosecution. DE#3-1. The allegations in his motion are the same as the allegations in his complaint. Compare id., with DE#1. The state court has yet to rule on his motion to dismiss. DE#3-2.

2

complaint seeking only . . . injunctive relief to remedy past actions and the . . . relief could potentially affect or undermine his or her conviction or duration of confinement, notions of comity and federalism argue in favor of federal courts viewing such claims as petitions for habeas corpus." Prather v. Norman, 901 F.2d 915, 918 n.4 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 490-93 (1973)); see also Gwin v. Snow, 870 F.2d 616, 621 (11th Cir. 1989) ("[A] prisoner seeking injunctive relief which lessens the period of confinement must bring the claim in a habeas corpus petition."). This is so even where, as here, a pretrial detainee (versus a convicted inmate) seeks such relief. Hudson v. Hubbard, 358 F. App'x 116, 119 (11th Cir. 2009) (per curiam) ("[The petitioner] is challenging a pendant state criminal proceeding; so, his petition is governed by § 2241." (citation omitted)). And, because plaintiff is a pretrial detainee, he properly brings his habeas petition pursuant to § 2241. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004) (citations omitted).

Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, Rule 4 may be applied to cases brought under 28 U.S.C. § 2241. Therefore, summary dismissal of a § 2241 petition is proper when the petition plainly reveals that relief is unwarranted. See Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (providing that courts may dismiss a § 2241 petition if it appears from the application that the person detained is not entitled to the relief requested). Likewise, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases).

3

Under Younger, the Supreme Court established that, absent extraordinary circumstances, federal courts must abstain from adjudicating a claim where doing so would interfere with a state's pending criminal prosecution. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." Hughes, 377 F.3d at 1263. The exceptions to the abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur[4], or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id. at 1263 n.6 (citing Younger, 401 U.S. at 45, 53–54).

Here, there is no dispute that a criminal prosecution of plaintiff is pending in Broward County. Furthermore, plaintiff does not allege, and the record does not reflect, that one of the Younger exceptions is present. Additionally, even if one could read his complaint to fairly allege that one or more of these exceptions is present, his allegations still are not sufficiently "'substantial'" to warrant relief. See Hudson, 358 F. App'x at 118 (quoting Younger, 401 U.S. at 48). In short, the injunctive relief plaintiff requests, which includes outright dismissal of the charges, "would create an 'undue interference with state proceedings.'" Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting NOPSI, 491 U.S. at 359). Accordingly, the court should abstain from adjudicating the instant petition.

---

[4] "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46.

Furthermore, plaintiff's § 2241 petition is unexhausted. Section 2241 contains an exhaustion requirement. Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Hughes, 377 F.3d at 1262; see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies[.]"). To satisfy the exhaustion requirement, state pretrial detainees seeking relief under § 2241 must first present their federal claims to the courts of the state in which they are being detained. See Braden, 410 U.S. at 491. Section 2241 petitioners must exhaust "all available state court opportunities to establish [their federal claims]." See id.

Here, plaintiff has filed a motion to dismiss in the state trial court in which he raises the same arguments and seeks the same relief that he does here. However, the state court has yet to rule on the motion. Therefore, even if a Younger abstention were improper, his petition would be unexhausted.

### III. CONCLUSION

As discussed above, it is recommended that this case be DISMISSED without prejudice pursuant to Younger and its progeny or, in the alternative, for failure to exhaust. It is further recommended that the case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140, 148-53 (1985); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED at Miami, Florida this 9th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Junior Simon
231802086
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE